**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


FREDERICK BANKS,          )
                               )
                               )
            Plaintiff,        )      Civil Action No. 17-mc-668
                               )
      v.                  )      Judge Cathy Bissoon
                               )
ADRIAN ROE, *et al.*,        )
                               )
                               )
           Defendants.    )


## ORDER DISMISSING CASE WITH PREJUDICE

On December 8, 2015, this Court issued an Order designating Plaintiff a vexatious

litigant. (See Civil Case No. 15-1400, Doc. 7). Pursuant to that Order, Plaintiff "is enjoined

from filing, without prior authorization of the Court, any complaint, lawsuit or petition for writ

of mandamus," and "must file a motion for leave to file along with any new complaint, lawsuit

or petition for writ of mandamus that he proposes to file, and must attach a copy of this Order to

it." (Id.). In addition, the Court's December 8, 2015 Order states that "as an exhibit to any

motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C.

§ 1746 or a sworn affidavit certifying that (a) the document raises a new issue that has never

been previously raised by the filer in this or any other court, (b) the claim or issue is not

frivolous, (c) the document is not filed in bad faith, and (d) a statement as to the basis for

jurisdiction and venue in the Western District of Pennsylvania." (Id.).

Since the Court issued its Vexatious Litigant Order, Plaintiff has filed or attempted to file

at least 22 new lawsuits, as well as numerous frivolous motions to reopen earlier actions. (See

Civil Action Nos. 15-mc-882, 15-mc-877, 15-mc-885, 15-mc-936, 15-cv-1385, 15-cv-1400, 15-

cv-1439, 15-cv-1584, 16-mc-58, 16-mc-61, 16-mc-79, 16-mc-80, 16-mc-335, 16-mc-650, 17-mc-515, 17-mc-604, 17-mc-619, 17-mc-620, 17-mc-632, 17-mc-668, 17-mc-669, 17-mc-670, 17-mc-671, 17-mc-672, 17-mc-673, 17-mc-674).   None of these various petitions, complaints and/or motions comply with the Court's December 8, 2015 Order.

Most of Plaintiff's recent lawsuits, including this one, arise out of the criminal proceedings instituted against him at Criminal Action No. 15-168.  Among other things, Plaintiff seems to take issue with his continued confinement pending the district court's determination regarding his competency to stand trial.  In addition to being deficient due to their failure to comply with this Court's December 8, 2015 Order, these various petitions and complaints are patently frivolous.  As Judge Hornak aptly stated in a recent order:

> Banks himself bears significant if not exclusive responsibility for any such delay in th[e] Court's rendering a competency determination due to the nature of his repetitive pro se filings of similar tenor on this Court's docket (despite this Court's repeated instruction to make any such filings through counsel pending such determination), particularly as to the content of such filings (for example, seeking sanctions in the form of "Black Magik" and purportedly engaging Ms. Ivanka Trump (yes, the President's daughter) in his pursuits in this Court)).

(Criminal Action No. 15-168, Doc. 414).

Unfortunately, Plaintiff has made clear that he does not intend to stop filing these frivolous lawsuits.  On July 17, 2017, the public record reflects that Plaintiff called Judge Hornak's chambers "to advise the Court in advance that he was going to file 700 complaints against this Court."  (Criminal Action No. 15-168, Doc. 402).

Simply put, Plaintiff has refused to abide by the Court's December 8, 2015 Order and, as an appropriate sanction, the Court will dismiss this action with prejudice.  See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (finding dismissal with prejudice appropriate when parties "refuse to abide by prescribed rules of court" and "will not obey court orders"); Orama v. Boyko,

243 Fed. Appx. 741, 743 (3d Cir. 2007) (affirming the dismissal of an action with prejudice as an appropriate sanction in light of the plaintiff's "willful decision not to comply with past orders, and expressed intention not to comply with future orders, making it impossible to ready the matter for trial, and rendering alternative sanctions ineffective").

Furthermore, the Court hereby reiterates to the Clerk's Office that, under the terms of the undersigned's Vexatious Litigant Order, it is not to accept and/or docket (including in any miscellaneous docket) any application for leave to proceed in forma pauperis, complaint, petition, or other filing by Plaintiff on his behalf (or on behalf of Plaintiff's alias "Hamilton Brown"), <u>even if transferred from other another district court</u>, unless it is accompanied by the required Motion for Leave and declaration, AND the Court has granted leave. Plaintiff is forewarned that any Motion for Leave and/or declaration is subject to the requirements of Federal Rule of Civil Procedure 11, and that the Court will not hesitate to consider sanctions should the Court find that Plaintiff has violated Rule 11.

For the reasons set forth above, it is hereby ORDERED that Plaintiff's Complaint (Doc. 1) is DISMISSED with prejudice. PLAINTIFF IS PUT ON EXPLICIT NOTICE THAT ALL FUTURE NON-COMPLIANT FILINGS WILL NOT BE DOCKETED BY THE COURT, BUT RATHER WILL BE RETURNED TO PLAINTIFF WITHOUT FURTHER EXPLANATION.


IT IS SO ORDERED.



August 4, 2017                                          s/Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge

CC (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

FREDERICK BANKS
05711068
NEOCC
2240 Hubbard Rd.
Youngstown, OH 44505